IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| WILLIAM LEONBERGER, ) | | |
| Register No. 1098304, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 06-4014-CV-C-SOW | |
| ) | | |
| C.O. BRANUM, et al., ) | | |
| ) | | |
| Defendants. ) | | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff William Leonberger, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Defendants seek dismissal of plaintiff's claims for failure to exhaust administrative remedies on all claims set forth in his complaint. On October 31, 2006, plaintiff was ordered to show cause why defendants' motions to dismiss should not be granted. Upon his request, plaintiff was granted an extension of time until December 12, 2006, to respond to such motions. Despite such extension, plaintiff has failed to file a response.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as

are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit.  See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit).  When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief.  Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam).  Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly.  Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies).  A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.  Id.

 Defendants state that although plaintiff exhausted his excessive-use-of-force claims against Branum, plaintiff has failed to file any grievance regarding his claims against Murphy, and therefore, his claims should be dismissed in their entirety because exhaustion is required as to all claims on which a prisoner is seeking relief.

Upon review, the court finds the motions of defendants Murphy and Branum for dismissal have merit.  However, the Eighth Circuit has held that despite a plaintiff's failure to exhaust administrative remedies as to all his claims, a plaintiff should be permitted to file an amended petition which includes only exhausted claims.  Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003).  Accordingly, this court will grant plaintiff ten days from the date of this order to file an amended complaint including only his exhausted claims of excessive use of force against defendant Branum.

IT IS, THEREFORE, ORDERED that plaintiff is granted ten days from this date in which to file an amended complaint, containing only exhausted claims against defendant Branum.  It is further

RECOMMENDED that if plaintiff fails to file such amended complaint in a timely manner, defendant Branum's motion to dismiss be granted and plaintiff's claims against Branum

2

be dismissed, without prejudice, for failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e [13]. It is further

RECOMMENDED that defendant Murphy's motion to dismiss be granted, and plaintiff's claims against Murphy be dismissed, without prejudice, for failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e [15].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 11th day of January, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge