IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| WILLIAM LEONBERGER, Reg. No. 1098304, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-4014-CV-C-SOW |
| ) | |
| C.O. BRANUM, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff William Leonberger filed suit in January 2006, alleging defendant Ryan Branum used excessive force against him during an incident on September 15, 2005. Plaintiff was granted leave to proceed in forma pauperis, and on January 11, 2007, was directed to file an amended complaint containing only the claims against defendant Branum[1] for which he had exhausted his administrative remedies. Plaintiff did not file an amended complaint, although advised that his claims could be dismissed if he failed to do so.

On August 27, 2007, defendant filed a motion for summary judgment on the basis that no reasonable juror could find plaintiff's testimony credible under the facts of this case. Plaintiff has not responded in opposition to the motion, and does not otherwise appear to have taken any steps to prosecute this case since attending his deposition on June 8, 2007. Further, plaintiff did not respond to the court's order of November 28, 2007, to show cause why the motion for summary judgment should not be granted. Thus, plaintiff does not appear to oppose the entry of judgment in favor of defendant or to desire to further prosecute this action.

As stated in M.S. v. Wermers, 557 F.2d 170, 175 (8th Cir. 1977):

> A district court has power to dismiss an action for failure of the plaintiff to comply with "a court order." Fed. R. Civ. P. 41(b). Such action may be taken on the court's own motion, Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 96 (8th Cir. 1971); see Stanley v. Continental Oil Co., 536 F.2d 914, 916-17 (10th

---

[1] Plaintiff's claims against defendant Michael Murphy were dismissed on February 12, 2007, for failure to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e.

Cir. 1976), and may be exercised under the court's inherent power to control its docket, Pond v. Braniff Airways, Inc., 453 F.2d 347, 349 (5th Cir. 1972); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629-33 (1962), and to protect the integrity of its orders, Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir. 1975). See generally 15 A.L.R. Fed. 407 (1973).

Here, plaintiff has ignored orders of the court, has done nothing to prosecute his claims for several months, and has offered no explanation for these failures. Under Fed. R. Civ. P. 41(b), the court is authorized to dismiss an action for the failure of a plaintiff to comply with court orders or to prosecute his claims.

Additionally, Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

Defendant does not dispute many of the facts alleged by plaintiff surrounding this incident. While plaintiff was in his cell, Branum approached him and gave him a direct order. Plaintiff did not comply and was then escorted to another housing unit. Upon arrival at the new

housing unit, plaintiff had an extremely low blood sugar and needed medical care.[2]  When his blood sugar is low, he becomes disoriented, his mental abilities are affected[3], and he has been known to go into insulin shock.

What is at issue is whether defendant used excessive force during the incident.  In his complaint and deposition, plaintiff asserts Branum hit him in the face and chest, numerous times, for no apparent reason, while he was in handcuffs, and at one point, after his pants had fallen down.  Plaintiff states he complied with Branum's orders to the extent he was able, but that his blood sugar kept falling.  He states the low blood sugar caused him to struggle to get to his feet, to respond slowly, and to be unable to respond completely.

Defendant states that during a random security check, plaintiff was observed sitting in his cell with a coat over his lap.  Defendant told plaintiff to remove the coat so he could see if plaintiff was hiding contraband.  Plaintiff failed to do so and Branum reached for the coat.  Plaintiff struggled with him and did not stand up as directed.  The struggle continued and some force was required to control and handcuff plaintiff.  Plaintiff was told to walk[4] and he did not do so or at least did not do so promptly.

Branum took plaintiff outside of the housing unit to escort him to another housing unit, and plaintiff started to pull away and became combative.  Branum forced plaintiff to the ground and held him there while he called for assistance.  When another officer arrived, the officers got plaintiff to his feet and took him to Housing Unit 3.

Branum states he did not know plaintiff was having blood sugar problems during the encounter, and that he used force only to the extent necessary to control an inmate who was refusing verbal directives and who was struggling.  Defendant states he did not hit plaintiff in the face, chest or other parts of his body.

---

[2]Plaintiff is diabetic.

[3]At his deposition, plaintiff stated "it can mess with your head," "it will be warbled, or whatever," and "You'll remember the different pieces.  You just may not remember how things fit together."  (Doc. 30-2 at 13, 14.)

[4]Plaintiff states defendant told him he was going to Housing Unit 3 for a urinalysis test.

3

The medical records show plaintiff received an abrasion on his left shoulder that was ½ x 1/8 inch and a pinpoint abrasion on his left hand during the incident.  He was also given medical care to bring his blood sugar back into a normal range.

Prison officials may use force that is reasonable and necessary under the circumstances to achieve a legitimate penal objective.  Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  The "unnecessary and wanton infliction of pain," however, violates the Eighth Amendment.  Id. at 319 (citation omitted).  Thus, when a prisoner alleges prison officials used excessive force, the appropriate test is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."  Hudson v. McMillian, 503 U.S. 1, 6 (1992).  Prison officials act maliciously when they "undertak[e], without just cause or reason, a course of action intended to injure another"; they act sadistically when they "engag[e] in extreme or excessive cruelty."  Howard v. Barnett, 21 F.3d 868, 872 (8th Cir. 1994).  In determining whether prison officials acted maliciously and sadistically for the purpose of causing harm, the fact finder should consider the threat the officials reasonably perceived, the need for force, the relationship between the need for force and the amount of force used, and the injuries inflicted.  Id. at 871.

Prison officials are not liable under the Eighth Amendment simply because it appears, in retrospect, that they used an unreasonable amount of force.  Whitley, 475 U.S. at 319; Jasper v. Thalacker, 999 F.2d 353, 354 (8th Cir. 1993).  When faced with a disturbance, prison officials must act quickly and decisively to restore order.  Hudson, 503 U.S. at 6.  Courts should not interfere with prison administration unless officials have acted in bad faith or without any legitimate purpose.  Stenzel v. Ellis, 916 F.2d 423, 427 (8th Cir. 1990).

The record suggests that at the time of the incident, plaintiff had not been at the institution very long.  His deposition indicates that he had been at Moberly Correctional Center, was transferred for a short time to Algoa Correctional Center and then sent back to Moberly.  This incident occurred shortly after he arrived at Algoa, and the procedures for transporting an inmate for urinalysis screening are different at the two institutions.  Thus, plaintiff suggests the Algoa procedures for making someone cuff up for transportation to provide a urine sample was stupid.

4

Case 2:06-cv-04014-SOW   Document 32   Filed 01/22/08   Page 4 of 6

Defendant states he did not know plaintiff was having blood sugar or other health-related problems. Although plaintiff states defendant could tell something was wrong, he has come forward with no evidence to show defendant actually knew, or that a reasonable officer would have known, plaintiff was having a medical problem.

Assuming defendant did not know there was a medical problem, it is likely he would believe the "something wrong" was that plaintiff was being intentionally difficult and not complying with direct orders. In the prison context, it is not unusual for inmates to refuse to follow orders or institutional rules, and for officers to be called upon to take appropriate measures to enforce compliance or to institute administrative processes for disciplinary measures.

Plaintiff asserts low blood sugar affected his mental and physical abilities, including his ability to recall things in a proper sequence. He acknowledges being disoriented, but does not concede that his perception of the events might be erroneous. He states, however, that he was being hit in the chest while defendant was behind him and that defendant was putting on quite a show for all the others. (Doc. 30-2.) There is some inconsistency in plaintiff being hit in the chest by someone who was walking behind him, and plaintiff has come forward with no affidavits from witnesses or other evidence to support his claims that defendant was hitting him while he was in handcuffs. Further, his seriously low blood sugar upon arriving at Housing Unit 3 supports the conclusion that plaintiff was not in total control of his body or thought processes. At no time during the incident did plaintiff tell defendant he was having problems or needed medical care for his diabetes. If he had been mentally aware, it is likely he would have told defendant of his needs.

Under the facts alleged by plaintiff and the evidence submitted by defendant, the court does not find plaintiff has made a submissible case for the use of excessive force by defendant. The credible evidence suggests defendant believed plaintiff was being difficult and refusing to comply with orders, and that defendant was attempting to control the situation and plaintiff. It does not suggest defendant was acting with the purpose of harming plaintiff or maliciously or sadistically. It is unfortunate that defendant did not know plaintiff was having a diabetic episode and that force was used. Under the circumstances submitted, however, a reasonable juror could not conclude plaintiff's statement of the facts was true or that a constitutional violation occurred.

In the absence of a response from plaintiff, with supporting evidence, plaintiff has not shown there is a genuine issue of material fact for trial.

Accordingly, it is

RECOMMENDED that defendant's motion of August 27, 2007, for summary judgment be granted, or in the alternative, that plaintiff's claims be dismissed, pursuant to Fed. R. Civ. P. 41(b), for his failure to prosecute and to comply with court orders. [30]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 22nd day of January, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

6